**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JON D. NELSON AND** | ) | |
| **ALONDRA NELSON,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CASE NO. CIV-16-368-R** |
| | ) | |
| **STATE OF OKLAHOMA;** | ) | |
| **DEPARTMENT OF PUBLIC** | ) | |
| **SAFETY; OKLAHOMA HIGHWAY** | ) | |
| **PATROL; ANDREW RAWLS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter comes before the Court on the Motion to Dismiss, filed by Defendant Rawls (Doc. No. 8). Plaintiffs responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

Plaintiffs allege that while exiting southbound I-35 onto S.E. 15th Street in Oklahoma City on September 2, 2014, at approximately 5:00 p.m., their vehicle was pulled over by Defendant Rawls, a Trooper with the Oklahoma Highway Patrol. Mr. Rawls allegedly informed the Nelsons that the traffic stop was premised on the passenger's failure to wear a seatbelt. The Nelsons deny that Mr. Nelson was not wearing his seatbelt. Regardless, Plaintiffs contend that Trooper Rawls requested Mr. Nelson's drivers's license and that when Mr. Nelson indicated he did not have his license, that Trooper Rawls asked him to exit the vehicle. Mr. Nelson complied and thereafter was subjected to a search by Trooper Rawls, without consent. Plaintiffs contend that in the course of arresting Mr. Nelson, Trooper Rawls attacked him, placing him in a chokehold and forcing him to the ground, ribbing him and kneeing him. Plaintiffs allege they were both handcuffed and arrested, Mrs. Nelson after she attempted to film the assault on her husband and that their vehicle was searched. Both were transported to jail

by Trooper Rawls who verbally threatened them during the transport. They allege he threatened them with felony convictions and that he played rap music at a loud volume to annoy them. After spending at least twenty-four hours in the Oklahoma County Jail, Plaintiffs were released. Plaintiffs allege they were charged with assault and battery upon a peace officer, resisting arrest, obstructing an officer, and failure to wear a properly adjusted safety belt, but that the charges were dismissed. Plaintiffs seek relief from Defendant Rawls on theories of unlawful search and seizure, wrongful arrest and excessive force, citing 42 U.S.C. § 1983. Plaintiffs also raise a claim for malicious prosecution citing 42 U.S.C. § 1983. Finally, Plaintiffs allege a claim for the intentional infliction of emotional distress. Defendant Rawls seeks dismissal of Plaintiffs' claims and raise a defense of qualified immunity with regard to Plaintiffs' 42 U.S.C. § 1983 claims.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1201 (10th Cir.2003) (citations and quotation marks omitted). At this juncture the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir.1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts that permit "the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court is not required to accept conclusory allegations without supporting factual averments as true. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir.1998). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678, 129 S.Ct.. (citation omitted).

Defendant first contends he is entitled to dismissal of Plaintiff's 42 U.S.C. § 1983 claim because Plaintiffs did not allege sufficient facts to support their contention that the criminal case against them terminated in their favor. Defendant contends that the assertion that the charges against them were "dismissed" is insufficient. Plaintiffs contend they made sufficient factual allegations and argue that Defendant is attempting to interject facts not contained in the pleadings in support of his motion to dismiss. Plaintiffs alternatively request leave to amend their complaint if the Court concludes that Plaintiffs' claims are not sufficiently pled.

"[W]hen addressing § 1983 malicious prosecution claims, [the Court uses] the common law elements of malicious prosecution as the 'starting point' of [its] analysis; however, the ultimate question is whether plaintiff has proven the deprivation of a constitutional right." *Novitsky v. City Of Aurora*, 491 F.3d 1244, 1257 (10th Cir.2007). A § 1983 malicious prosecution claim has the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was not probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *Id.* at 1258. In evaluating these elements, the Court looks both to common law articulation by the Oklahoma courts and the guidance provided by the Restatement

(Second) of Torts. *E.g., Wilkins v. DeReyes*, 528 F.3d 790, 802 (10th Cir.2008).

Plaintiffs' current pleading recites that the charges were dismissed. This allegation, however, without more, does not provide a sufficient factual basis to support their malicious prosecution claim because it does not indicate why the charges were dismissed and additionally, it appears from facts alleged by the parties in the motions that separate counts may have been dismissed for different reasons. Accordingly, the Court hereby grants the motion to dismiss with regard to Plaintiffs' malicious prosecution claim, but grants Plaintiffs leave to amend their complaint.

Defendant Rawls also seeks dismissal of Plaintiffs' intentional infliction of emotional distress claim. Oklahoma recognized the tort of outrage, otherwise known as the intentional infliction of emotional distress. *See Gaylord Entm't Co. v. Thompson*, 958 P.2d 128, 149 (Okla. 1998). Such claims are governed by the standard set forth in the Restatement Second of Torts, § 46. *Id.*

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!" The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

*Breeden v. League Services Corp.*, 575 P.2d 1374, 1375 (Okla. 1978) (quoting Restatement (Second) of Torts § 46 cmt. d.). To state a claim, a plaintiff must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Schovanec v. Archdiocese of Okla. City*, 188 P.3d 158, 175 (Okla. 2008) (quoting *Computer Pubs., Inc. v. Welston*, 49 P.3d 732, 735 (Okla. 2002)). The Court assumes a "gatekeeper role" and makes the initial determination whether a defendant's conduct "may reasonably be regarded

as sufficiently extreme and outrageous to meet the Restatement § 46 standards." *Trentadue v. United States*, 397 F.3d 840, 856 n.7 (10th Cir. 2005) (applying Oklahoma law).

The Court disagrees with Defendant's contention that Plaintiffs have failed to state a claim for the intentional infliction of emotional distress. Accepting as true the allegations in the complaint, Plaintiffs were stopped by Defendant Rawls for an alleged seatbelt violation by the passenger and the end result of the allegedly improper stop was the arrest of both Plaintiffs and a physical assault of Mr. Nelson by Defendant Rawls after Nelson stated that he did not have his driver's license with him. The Court finds that accepting Plaintiffs's allegations as true that an unwarranted traffic stop that results in the physical abuse of one of the occupants of the vehicle is sufficiently outrageous to meet the requirements for stating a claim for the intentional infliction of emotional distress claim.

Finally, Defendant seeks dismissal on the grounds of qualified immunity. In resolving a motion to dismiss based on qualified immunity, a court must consider whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (internal quotation marks omitted). The plaintiff bears the burden of demonstrating that the law was clearly established at the time of the alleged violation. *Herring v. Keenan*, 218 F.3d 1171, 1175 (10th Cir. 2000). In this regard the Court agrees with Defendant that Plaintiffs' original petition fails to allege facts and claims in a sufficiently clear manner so as to permit the Court to discern the exact nature of Plaintiffs' various claims, but that Plaintiffs should be granted leave to amend.

The Court's conclusion in this regard is premised, in part, on the complications in construing claims for false imprisonment and malicious prosecution under 42 U.S.C. § 1983. *See Becker v. Kroll*,

494 F.3d 904, 913 (10th Cir. 2007)(noting the "murky waters" of § 1983 malicious prosecution claims). Furthermore Plaintiffs' pled multiple claims under the Fourth Amendment as a single cause of action, making it difficult to discern the exact nature of each of their claims. Based on the factual allegations set forth above, Plaintiffs asserted claims include a claim under 42 U.S.C. § 1983 for the right to be free from unreasonable seizure, wrongful arrest, unreasonable searches, and excessive force, citing the Fourth Amendment, and a 42 U.S.C. § 1983 malicious prosecution claim, wherein they assert they were arrested without probable cause and that Defendant Rawls "obtained criminal charges against the Nelsons to harass, intimidate and/or injure Mr. and Mrs. Nelson." Petition, ¶ 46. The complaint, however, does not attempt to individualize Plaintiffs' claims under the Fourth Amendment, rather they are all contained in a single claim for relief. `As such, the Court concludes that more precise pleading is necessary to permit Defendant Rawls to respond to Plaintiffs' allegations and to permit the Court to properly assess the defense of qualified immunity as to each of the constitutional claims.

Accordingly, Defendant's Motion to Dismiss is GRANTED. Plaintiffs are hereby granted leave to amend. An amended complaint shall be filed not later than September 15, 2016.

IT IS SO ORDERED this 22nd day of August, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE